IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

EMOVE INCORPORATED,

        Plaintiff,

v.                                                NO. CV-10-02052-PHX-JRG

SMD SOFTWARE INCORPORATED, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Plaintiff Emove Inc.'s Memorandum Regarding Demand for Jury Trial and in the Alternative, Rule 39(b) Request for Trial by Jury [Docket 125]. For the reasons discussed below, this Motion is **DENIED** and the suit will proceed as a bench trial.

**I.**    **Procedural History**

The plaintiff filed its complaint on August 31, 2010, in Maricopa County Superior Court, Arizona. On September 23, 2010, the defendant removed the case to this court, and filed its answer the next day. The court issued an Order Setting Rule 16 Scheduling Conference on October 26, 2010. In its order, the court stated: "the parties shall develop a joint proposed Discovery Plan which contains the following information: . . . 13. Whether a jury trial has been requested and whether the request for jury trial is contested (if the request is contested, set forth the reasons)." (Ord. Setting Rule 16 Scheduling Conference, [Docket 7] at 4.) The parties' Joint Proposed Discovery Plan, filed on January 21, 2011, states in paragraph 13: "Plaintiff requests a jury trial." (Joint Proposed Discovery Plan, [Docket 12] at 13.) This issue was not discussed at

the January 28, 2011 scheduling conference. The court's Order Granting Stipulation Regarding Motions, filed on November 14, 2011, scheduled a bench trial for April 2, 2012, and in its January 24, 2012 Order, the court rescheduled the bench trial for May 21, 2012. In addition, the case has been docketed as a bench trial.

### II.   Analysis

Federal Rule of Civil Procedure 38 preserves the right to a jury trial. It states that: "The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." FED. R. CIV. P. 38(a). Rule 38 provides that a party may demand a jury trial by: "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b). A party waives its right to a jury trial if it fails to properly serve and file its demand. FED. R. CIV. P. 38(d). Here, the defendants answered on September 24, 2010, and the plaintiff did not demand a jury trial within 14 days of the answer, failing to comply with Rule 38(b).

However, when a case is removed from state court, demand for a jury trial is also governed by Rule 81(c)(3):

> (A) *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.
> (B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: (i) it files a notice of removal; or (ii) it is served with a notice of removal filed by another party.

In this case, the plaintiff did not expressly demand a jury trial before removal, so the first scenario outlined above does not apply. Under the second scenario, where state law does not require an express demand for a jury trial, a party does not have to make an express demand in

federal court unless ordered by the court.  In Arizona, demand for a jury trial may be made "at any time after the commencement of the action, but not later than the date of setting the case for trial or ten days after a motion to set the case for trial is served, whichever first occurs."  ARIZ. R. CIV. P. 38(b).  A party waives trial by jury if it does not serve a demand in accordance with the rules.  ARIZ. R. CIV. P. 38(d).  Consequently, Arizona expressly requires a jury trial demand so the second scenario is not applicable.[1]  Part (B) also does not apply because all the necessary pleadings had not been filed at the time of removal.

If neither party timely demands a jury trial, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  FED. R. CIV. P. 39(b).  Different circuits of the U.S. Courts of Appeals maintain different standards for how judges should exercise their discretion under Rule 39(b).  9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334 (3d ed. 1987).  In the Ninth Circuit, "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002).  Moreover, "A good faith mistake of law is no different than inadvertence or oversight."  *Pac. Fisheries Corp.*, 302 F.3d at 1003.  eMove provides no reason for its untimely request beyond mere inadvertence or perhaps mistake of law, neither of which is sufficient for the court to order a jury trial under Rule 39(b).

The plaintiff's final argument is that it is entitled to a jury trial under Rule 39(c)(2) because the defendants consented to a jury trial.  The plaintiff explains that it informed the

---

[1] Rule 81(c) does not apply even when the plaintiff has not yet waived its right to a jury trial under the state procedural rules.  *Ortega v. Home Depot, U.S.A., Inc.*, Civ. 2:11-1921, 2012 WL 77020, at *3 (E.D. Cal. Jan. 10, 2012) ("The application of Rule 81(c) does not vary based on the stage of litigation in state court at the time of removal, but rather on whether the state requires an express demand to preserves the party's right to a jury trial.")

defendants during its Rule 16 Conference that it requested a jury trial and the defendants did not oppose this request. According to the plaintiff, the defendants did not oppose a jury trial until November 2011. Therefore, the plaintiff argues that "the objection comes too late" and the court should find that the defendants have consented to a jury trial.

> Rule 39(c)(2) states:
>
> In an action not triable of right by a jury, the court, on motion or on its own: . . . (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

FED. R. CIV. P. 39(c)(2). For a couple of reasons, I do not invoke Rule 39(c)(2) to order a jury trial. First, the plaintiff has not demonstrated that Rule 39(c)(2) even applies to the instant suit. Under this rule, the court may try an issue by a jury with the parties' consent, "[i]n an action not triable of right by a jury." *See* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2333 (3d ed. 1987). In other words, it applies when at least one party demands a jury trial on issues where there is no constitutional or statutory right to trial by a jury, like when the plaintiff seeks equitable relief. S*ee, e.g., Pals v. Schepel Buick & GMS Truck, Inc.*, 220 F.3d 495, 500-01 (7th Cir. 2000) (upholding a judgment where the jury determined equitable relief in the form of back pay and front pay on an Americans with Disabilities Act claim when the defendant's answer demanded a jury trial as to all issues, the plaintiff did not object, and the case proceeded to jury trial). eMove does not allege that it did not have a constitutional or statutory right to a jury trial. Rather, the plaintiff's complaint alleges business defamation, tortious interference with business relationships, interference with valid business expectancy, violation of the Lanham Act, and unfair competition. In this case, the plaintiff had a right to a jury trial as to the factual issues and damages, but waived it by failing to make a timely demand. Consequently, I **FIND** that Rule 39(c)(2) does not apply.

Even if Rule 39(c)(2) applied, "there is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial." *Kramer v. Banc of America Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004), *Thaler v. PRB Metal Prods., Inc.*, 810 F. Supp. 49, 50 (E.D.N.Y. 1993). Although consent does not have to be express, the defendants here expressly object to a jury trial. In *Kramer*, the defendant filed its motion to strike the jury demand two weeks before trial. In contrast, eMove states that the defendants first opposed a jury trial in November 2011—several months in advance of trial. Although the plaintiff claims that it has been preparing for a jury trial, it does not adequately explain how it has been prejudiced by the defendants' objection to a jury trial. Accordingly, I **FIND** that the defendants have withdrawn any indication of consent within a sufficient time in advance of trial, and for that reason as well Rule 39(c)(2) does not apply.[2]

In conclusion, the plaintiff failed to properly demand a jury trial under the Federal Rules of Civil Procedure, and absent a reason beyond mere inadvertence, the court does not have discretion to order a jury trial under Rule 39(b). The plaintiff's motion is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2012

Joseph R. Goodwin, Chief Judge

---

[2] Even if Rule 39(c)(2) applied because the plaintiff's action is not triable of right by the jury and the defendants consented, Rule 39(c) is permissive and the court is not obligated to order a jury trial. *Kramer*, 355 F.3d 961 at 968 n.2.