Geoffrey S. Kercsmar (#020528)
Gregory B. Collins (#023158)
Jenessa G. B. Coccaro (#027090)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile:  (480) 421-1002
gsk@kflawaz.com
gbc@kflawaz.com
jbc@kflawaz.com

Attorneys for Plaintiff eMove Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| eMove Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMD Software Inc., a North Carolina corporation; SiteLink LLC, a North Carolina limited liability corporation; and Markus Hecker, a North Carolina resident,<br><br>Defendants. | No. 2:10-cv-02052-JRG<br><br>**FIRST SUPPLEMENTAL COMPLAINT** |

For its First Supplemental Complaint Plaintiff eMove, Inc. ("eMove") alleges the following claims for (1) product disparagement/injurious falsehood, (2) interference with prospective business relations, and (3) false representation in violation of the Lanham Act against defendants SMD Software, Inc. ("Inc."), Sitelink, LLC ("Sitelink") and Markus Hecker ("Hecker").

**THE PARTIES**

1.   Plaintiff eMove is a corporation organized and existing under the laws of the State of Nevada, with its principle place of business in Arizona. At all relevant times hereto. eMove was authorized to and conducted business in Arizona.

1

2. Defendant SMD is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina. Based upon information and belief, and therefore alleged as true, SMD has and continues to conduct business in Arizona.

3. Defendant Sitelink is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina. Based upon information and belief, and therefore alleged as true, Sitelink has and continues to conduct business in Arizona.

4. Base upon information and belief and therefore alleged as true, defendant Hecker is the COO of SMD and Sitelink and is a resident of North Carolina. Hecker has and continues to conduct business on behalf of SMD and Sitelink, and has engaged in the acts that give rise to this dispute, both within and without the State of Arizona.

## JUISDICIOTN AND VENUE

5. This Court has personal jurisdiction over these defendants.

6. Venue is proper before this Court.

## GENERAL ALLEGATIONS

7. eMove develops and markets management software for the self-storage industry.

8. eMove produces and markets the software "Webselfstorage" (the "eMove Software").

9. SMD is a software company that creates and sells management software for personal computers know as "Sitelink" (the "SMD Software") to consumers in the self storage industry.

10. Defendant Sitelink is a software company that owns and operates the Sitelink Web Edition which utilizes the SMD Software. Sitelink markets the Sitelink Web Edition to consumers in the self-storage industry.

11. Defendants Markus Hecker is the COO of SMD and Sitelink and is liable for the actions of corporation because he is participated in the making of and/or authorized the false and fraudulent statements alleged herein.

12. Upon information and belief, defendants routinely market the SMD Software and Sitelink Web Edition by falsely representing the functionality, usability, qualities, and characteristics of the eMove Software as well as other eMove products and service.

13. By the way of example, defendants provided a Virginia self-storage facility with information about eMove and its products containing numerous inaccuracies and misrepresentations, such as:

    a. Erroneously equating eMove with U-Haul by describing the eMove Software as U-Haul Software and never mentioning eMove.

    b. Erroneously representing eMove as being set up only for the benefit of U-Haul owned self-storage facilities.

    c. Erroneously representing that eMove's website doe not direct potential customers to its clients' storage facilities.

    d. Erroneously representing that eMove's website directs the potential customer only to U-Haul owned storage facilities.

    e. Erroneously representing those potential customers leads obtained by or through utilization of the eMove Software are limited to existing U-Haul customers.

    f. Erroneously representing that eMove cannot track full payment.

    g. Erroneously representing that eMove charges for online payments.

    h. Erroneously representing that eMove cannot access reports for the current day.

    i. Erroneously representing that U-Haul's truck renal reservation browser funs faster than eMove's reservation browser.

    j. Erroneously representing that eMove's payment processor is Echo.

14. Hecker also made numerous misrepresentations to persons he believed were potential SMD and/or Sitelink clients while at a Colorado trade show, such as:

   a. Erroneously representing that eMove's storage client web pages promote other storage facilities and not the client's storage facility.

   b. Erroneously representing that eMove's servers crashed in 2000.

15. Hecker, on behalf of SMD and Sitelink published false statements about eMove's product via a fax to Lorton Self-Storage while marketing and promoting defendants' products .

16. Hecker has posted his contact information in response to others requesting information about eMove. Upon information and belief, and therefore alleged as true. Hecker has provided and provides the same or similar false and fraudulent information to others requesting general and specific information regarding eMove.

17. In addition to the false statements identified above, on behalf of Defendants, Hecker has made additional false statements of and concerning eMove.

18. The Inside Self-Storage World Expo was held in Las Vegas, Nevada ("the ISS") from March 14-16, 2012.

19. Markus Hecker attended the ISS and exhibited on behalf of SiteLink at the tradeshow.

20. At the tradeshow, Markus Hecker stated that eMove's call center closed down because eMove did have enough customers to support its call center.

21. Directly contrary to Markus Hecker's statements, eMove has not closed its call center.

22. Markus Hecker knew his statement regarding eMove's call center closing was false when he made the statement. His statement was made to intentionally drive business away from eMove and to Defendants.

23. Upon information and belief, Hecker has repeated the statements he made regarding eMove at the ISS to eMove's customers and potential customers in the self-storage industry.

24. Upon information and belief. Hecker's false statements have caused customers to cease doing business with eMove.

25. Upon information and belief, Hecker's false statements have caused potential eMove customers to purchase and use Defendants' products instead of eMove's.

26. Hecker's false statements as alleged above have harmed eMove's goodwill and value as a company.

27. Plaintiff has lost business opportunities and existing clients as a result of defendants' dissemination of the foregoing false and fraudulent information.

28. Defendants' false statements cause irreparable harm to eMove and eMove's goodwill and business opportunities.

29. Even after the filling of this lawsuit by eMove, Defendants' have continued their false advertising campaign. As demonstrated by Defendants' own call-logs and Defendants' false comments at the ISS tradeshow, unless and until a permanent injunction enters, Defendants will continue to falsely disparage eMove's products and services.

30. To prevent further immediate and irreparable harm to eMove a permanent injunction should enter requiring Defendants, and those acting in concert with them, to cease their disparagement of eMove's products and services.

**FIRST CLAIM FOR RELIEF**

**(Business defamation/Injurious Falsehood)**

31. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 17 of this Complaint.

32. Defendants made disparaging comments about plaintiff's products and services including, without limitation, the statements set forth above.

33. Defendants published false and fraudulent statements about plaintiff's products and services including, without limitation, the statement set forth above.

34. Defendants uttered and published the foregoing false and fraudulent statements and misrepresentations for the purpose of diverting others from utilizing eMove's products and services, for the purpose of harming eMove's reputation in the self-storage industry, and to otherwise interfere with eMove's business relationships with eMove's existing and prospective customers, all to eMove's disadvantage.

35. Upon information and belief and, therefore, alleged as true, defendants uttered and published the same or similar false statements regarding eMove's products and services set forth above to numerous other owners and operators of self-storage facilities.

36. Plaintiff has suffered prejudice and harm as a direct and proximate result of the above mentioned statements by the Defendants.

## SECOND CLAIM FOR RELIEF

### (Tortious Interference with Business Relationships)

37. Plaintiff incorporates by reference each and every allegations contained in paragraphs 1 through 23 of this Complaint.

38. eMove has long-standing business relationships with owners and operators of self-storage facilities. eMove expected that the relationships would continue indefinitely.

39. Defendants have caused owners and operators of self-storage facilities to terminate their relationship with eMove and to transfer their business to defendants' competing businesses.

40. At all times material to this Complaint, defendants were aware of eMove's existing relationships with the foregoing referenced owners and operators of self-storage facilities.

41. Defendants acted intentionally to interfere with eMove's relationships with the owners and operators of self-storage facilities by, among other things, (1) misrepresenting the purpose and utility of eMove's products and services, (2) misrepresenting that eMoves' software and services would result in the transfer of their

6

customers' accounts to U-Haul affiliated self-storage facilities, (3) misrepresenting the abilities of eMove's products and services to adequately mange self-storage facilities, and (4) falsely representing that eMove's resources, particularly its web-host servers, could not adequately handle the needs of its existing customer base.

42. Defendants' actions were improper as to their motives and/or means.

43. As a result of defendants' actions, eMove has been substantially harmed.

### THIRD CLAIM FOR RELIEF
### (Interference with Valid Business Expectancy)

44. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

45. Plaintiff eMove had a valid business expectancy of acquiring new customers and Defendants were aware of this expectancy.

46. Defendants intentionally and improperly interfered with eMove's valid business expectancy of acquiring new customers by disseminating the foregoing false and fraudulent information and by misrepresenting eMove's products and services as more fully set forth in paragraphs 15(a-j) 16 (a-b) and 29.

47. Plaintiff suffered damages as a direct and proximate result of the Defendants' misrepresentations due to the loss of customers.

### FOURTH CLAIM FOR RELIEF
### (Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(B))

48. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

49. Defendants have violated 15 U.S.C. § 1125(a), by misrepresenting the nature, characteristics, and qualities of eMove's products and services in connection with promotion of their products and services.

50. Defendants, as competitors of eMove, routinely and sufficiently distributed these false, fraudulent and misleading statements about eMove's products and services in more than one state.

51. Defendants, as competitors of eMove, routinely and sufficiently distributed these false, fraudulent, and misleading statements in the course of commercial transactions to those in the market for self-storage management software for the purpose of influencing the recipients of said false, fraudulent and misleading statements to buy Defendants' software and discourage such recipients from utilizing eMove's software and services.

52. Upon information and belief, defendants have made the above alleged false, fraudulent and misleading representations knowing at all times that said representations were false and untrue.

53. Upon information and belief, defendants have diverted business form eMove by fraudulently representing that defendants' competing products have qualities which in fact they do not have and defendants have made such representations intending that the representations would divert trade from eMove to defendants.

54. Defendants' statements actually deceived or had the tendency to deceive a substantial segment of its audience and the deception likely influenced purchasing decisions.

55. Plaintiff suffered or is likely to suffered damages as a direct and proximate result of the aforementioned false, fraudulent and misleading representations made by defendants.

56. Defendants' false statements, including those statements Defendants made at the ISS tradeshow, were made with knowledge of the falsity of the statements. Defendants' conduct constitutes willful false advertising under 15 U.S.C. § 1117(a). Accordingly, an award of treble damages and eMove's attorneys' fees is appropriate.

57. This is an exceptional case of willful false advertising under 15 U.S.C. § 1117(a); accordingly, an award of eMove's attorneys' fees is appropriate.

58. Defendants have cause, and unless enjoined, will continue to cause, irreparable harm to eMove for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## (COMMON LAW UNFAIR COMPETITION)

59. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 43 of this Complaint.

60. Defendants' actions constitute unfair competition under Arizona common law.

61. By their actions, Defendants have damaged Plaintiff and have been unjustly enriched.

62. Defendants have cause, and unless enjoined, will continue to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law.

WHEREFORE, eMove prays for judgment against defendants, and each of them, as follows:

A. For an award of damages (including, but not limited to lost profits) against defendants, and each of them, in an amount to be proven at trial;

B. For a temporary restraining order, preliminary and permanent injunction enjoining Defendants, their agents, representative, employees, partners, related partnerships and all related entities and those acting in concert with them from further dissemination of the false, fraudulent and misleading representations referred to herein;

C. For actual damages caused by defendants' unfair competition and any and all profits of defendants resulting from defendants' false, fraudulent and misleading representations referred to herein;

D. For an award of compensatory damages in an amount to be proven at trial;

E. For an award of punitive damages in an amount sufficient to punish defendants and to deter them and others from acting in a similar fashion in the future;

F. For an award of eMove's attorneys' fees incurred under 15 U.S.C. § 1117(a).

G. For an award of treble damages as a result of Defendants' willful false advertising under 15 U.S.C. § 1117(a).

H. For pre and post-judgment interest on all the amounts awarded to Plaintiffs until paid in full; and

I. For such further relief as the Court deems just and proper.

DATED this 24th day of April, 2012.

KERCSMAR & FELTUS PLLC

By *s/Gregory B. Collins*
   Geoffrey S. Kercsmar
   Gregory B. Collins
   Jenessa G. B. Coccaro
   6263 North Scottsdale Road, Suite 320
   Scottsdale, Arizona 85250
   Attorneys for Plaintiff eMove Inc.

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2012, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Maureen Beyers
Erick S. Ottoson
Eric M. Fraser
OSBORN MALEDON PA
2929 North Central Avenue
Phoenix, Arizona 85012-2793
mbeyers@omlaw.com
eottoson@omlaw.com
efraser@omlaw.com

Luther (Lew) D. Starling Jr., *admitted pro hac vice*
DAUGHTRY, WOODARD, LAWRENCE & STARLING
405 East Market Street
Smithfield, North Carolina 27577
lewstarling@dwlslaw.com

*Attorneys for Defendants*

 s/Gregory B. Collins